[Cite as *State v. Catlett*, 2016-Ohio-7260.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### ALLEN COUNTY

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**               **CASE NO.  1-16-10**

    **v.**

**ROBERT D. CATLETT, III,**               **O P I N I O N**

    **DEFENDANT-APPELLANT.**

**Appeal from Allen County Common Pleas Court
Trial Court No. CR20150347**

**Judgment Affirmed**

**Date of Decision:   October 11, 2016**

**APPEARANCES:**

    *Joseph A. Benavidez* **for Appellant**

    *Jana E. Emerick for* **Appellee**

Case No. 1-16-10

**SHAW, P.J.**

{¶1} Defendant-appellant, Robert D. Catlett, III ("Catlett"), appeals the February 16, 2016 judgment entry of sentencing issued by the Allen County Court of Common Pleas journalizing his convictions by guilty plea to one count of Aggravated Vehicular Homicide, in violation of R.C. 2903.06 (A)(1)(a)&(B)(2)(a), a felony of the second degree, and to one count of Failure to Stop After an Accident, in violation of R.C. 4549.02(A)&(B), a felony of the third degree. As a result of the convictions, the trial court sentenced Catlett to the maximum prison terms on each count of eight years and thirty-six months, respectively. The trial court further ordered the prison terms to run consecutively. On appeal, Catlett challenges the trial court's imposition of maximum, consecutive sentences.

*Statement of the Case*

{¶2} On September 17, 2015, the Allen County Grand Jury returned a three count indictment against Catlett charging him on Count One, Aggravated Vehicular Homicide, in violation of R.C. 2903.06 (A)(1)(a)&(B)(2)(a), a felony of the second degree, Count Two, Aggravated Vehicular Homicide, in violation of R.C. 2903.06 (A)(2)(a), a felony of the third degree; and Count Three, Failure to Stop After an Accident, in violation of R.C. 4549.02(A)&(B), a felony of the third degree. The charges stemmed from allegations that on May 31, 2015, Catlett was operating a vehicle while under the influence of alcoholic beverage and caused a collision with

-2-

a motorcycle which resulted in the death of the motorcyclist, Aaron L. Ehrnsberger. The indictment further alleged that Catlett failed to stop after causing the accident and fled the scene. Catlett subsequently appeared for arraignment and pled not guilty on all counts.

{¶3} On January 4, 2016, pursuant to a negotiated plea agreement, Catlett withdrew his previously tendered pleas of not guilty and pled guilty to Count One Aggravated Vehicular Homicide and Count Three Failure to Stop After an Accident as charged in the indictment. The prosecution agreed to dismiss Count Two Aggravated Vehicular Homicide in exchange for Catlett's guilty pleas. The trial court notified Catlett that the Aggravated Vehicular Homicide charge to which he pled guilty carried with it a mandatory prison term. The trial court also apprised Catlett of the possible prison terms associated with each charge and the potential of consecutive sentences prior to accepting his guilty pleas. The trial court ordered a pre-sentence investigation be completed before sentencing.

{¶4} On February 16, 2016, Catlett appeared for sentencing. Prior to imposing its sentence, the trial court reviewed the pre-sentence investigation, which included written statements from the victim's family, and heard oral statements from the prosecutor, defense counsel, Catlett and the victim's brother. The trial court then imposed the maximum prison term of eight years on Count One, Aggravated Vehicular Homicide, a second degree felony, and the maximum prison

term of thirty-six months on Count Three, Failure to Stop After an Accident, a third degree felony, with the terms to be served consecutively.

{¶5} Catlett subsequently filed this appeal.

*Appeal*

{¶6} On appeal, Catlett challenges the trial court's imposition of maximum and consecutive sentences for his Aggravated Vehicular Homicide and Failure to Stop After an Accident convictions.

*Maximum Sentences*

{¶7} Pursuant to the Supreme Court of Ohio's recent holding in *State v. Marcum*,—Ohio St.3d—, 2016-Ohio-1002, ¶ 7, this court will review a felony sentence using the standard set forth in R.C. 2953.08. Section 2953.08 of the Revised Code governs appeals based on felony sentencing guidelines. Subsection (G)(2) sets forth this court's standard of review as follows:

> (**2**) **The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**

(a) **That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**

(b) **That the sentence is otherwise contrary to law.**

{¶8} The Supreme Court in *Marcum* also declared that "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

{¶9} Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶10} Revised Code Chapter 2929 governs sentencing. Revised Code 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines

accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id.

{¶11} Meanwhile, R.C. 2929.11(B) states that felony sentences must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and also be consistent with sentences imposed in similar cases. In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. R.C. 2929.12(A). Regarding the imposition of the maximum sentences, there is no statutory requirement for findings in order to impose such a sentence, and a trial court has the discretion to impose a prison sentence within the statutory range. "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus.

{¶12} In its judgment entry of sentencing, the trial court stated that it had considered the statutes related to sentencing, specifically citing R.C. 2929.11 and R.C. 2929.12. (Doc. No. 36). The trial court also stated that it considered the pre-sentence investigation and the victim impact statements, and determined that it had "plenty of time" to think about the case. (Feb. 16, 2016, Sent. Hrg. Tr. at 6). The trial court discussed the fact that Catlett was under the influence of alcoholic beverage at the time he caused the collision with the victim's motorcycle and that instead of stopping after the accident Catlett fled the jurisdiction to Florida, evading law enforcement and failing to take responsibility for the consequences of his conduct which resulted in the death of an individual. The trial court reviewed Catlett's criminal history and noted that he had been convicted of operating a vehicle while under the influence in 2010 and did not respond favorably to the sanctions previously imposed.

*Consecutive Sentences*

{¶13} The imposition of consecutive sentences is governed by R.C. 2929.14(C)(4), which provides:

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

> (a)    The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)    At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c)    The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶14} Here, the trial court specifically found in its judgment entry of sentencing that "the consecutive sentences are necessary to protect the public from future crime or to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public." (Doc. No. 36 at 3). The trial court also found that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the defendant's conduct." (Id.).

{¶15} Based on the foregoing, we conclude the Appellant has not shown, by clear and convincing evidence that the record does not support the trial court's imposition of the maximum sentences for Catlett's Aggravated Vehicular Homicide and Failure to Stop After an Accident convictions. In addition, the record reflects that the trial court properly made the statutory findings necessary to impose consecutive sentences. Accordingly, we do not find the sentence entered by the trial court contrary to law and overrule Catlett's assignment of error.

{¶16} For all these reasons, the assignment of error is overruled and the judgment entry of conviction and sentence is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**